## CLOW WATER SYSTEMS CORPORATION, Plaintiff,

v.

## NAB CONSTRUCTION CORPORATION/SCHIAVONE CONSTRUCTION CORPORATION, a Joint Venture, Defendant.

### No. 88 CV 1133.

United States District Court,
E.D. New York.

Sept. 29, 1988.

Keck, Mahin & Cate (Robert K. Scott, of counsel), Chicago, Ill., Reaves & Yates (James A. Reaves, of counsel), New York City, for plaintiff.

McDonough, Marcus, Cohn & Tretter, P.C. (Randy J. Heller, of counsel), New York City, for defendant.

### MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This action was brought by Clow Water Systems Corp. ("Clow") to recover damages for the alleged breach of an oral contract by defendant NAB Construction Corp./Schiavone Construction Corp. ("NAB/Schiavone"), a joint venture. Defendant NAB/Schiavone moves to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) on the ground that the contract does not comply with the Uniform Commercial Code's Statute of Frauds, U.C.C. § 2–201, and, therefore, is unenforceable.

### FACTS

In July 1985, Clow entered into an oral agreement with NAB/Schiavone under the terms of which Clow agreed to fabricate and deliver gate valves and hydrants to NAB/Schiavone. Subsequently, the specifications of this agreement were set forth in great detail by NAB/Schiavone in a NAB/Schiavone purchase order submitted to Clow. The purchase order, dated July 11, 1985 and numbered 1121X091, indicated, among other things, the quantity, size, price and description of the gate valves and hydrants, as well as details concerning freight, sales taxes, and payment terms. Finally, the purchase order instructed Clow not to fabricate the materials until a written "Release of Equipment/Material" ("Release") document was received from NAB/Schiavone.

Subsequently, NAB Construction Corp., on its own letterhead, issued to Clow the referred to Release which stated: "Please

release all items for fabrication per the quantities indicated on NAB/Schiavone P.O. # 1121X091, dated July 11, 1985." The Release was dated July 31, 1988 and signed by William Simpson.

In accordance with the terms of the oral agreement between the parties, Purchase Order # 1121X091, and the Release, Clow fabricated or removed from inventory gate valves and hydrants for NAB/Schiavone at a combined unit price of $60,394.

On November 20, 1985, NAB/Schiavone informed Clow that the agreement for fabrication and delivery was void. As a result, Clow was forced to scrap the fabricated gate valves and hydrants thereby sustaining a loss of $24,193.

Clow brought this action to recover damage caused by NAB/Schiavone's alleged breach of the oral agreement. Defendant NAB/Schiavone moves this Court to dismiss on the ground that because the agreement creates a contract for the sale of goods in excess of $500 and because there is no writing evidencing the agreement, the agreement is unenforceable pursuant to U.C.C. § 2–201. For the reasons discussed below, I find that a writing exists sufficient to satisfy the Statute of Frauds and, therefore, deny defendant's motion to dismiss.

## DISCUSSION

Section 2–201 of the Uniform Commercial Code provides that in contracts for the sale of goods of $500 or more, a writing is required which recites the contract's quantity term and is signed by the party to be charged. The primary purpose of this statute is to indicate that a contract for sale has been made. *See* J. White & R. Summers, *Uniform Commercial Code* § 2–4, at 61 (2d ed. 1980). It is not necessary that the writing conclusively proves the existence of the contract but that it affords the trier of fact some evidence to rely on in addition to the mere oral testimony of the parties. *See Farrow v. Cahill*, 663 F.2d 201, 209 (D.C.Cir.1980); J. White & R. Summers, § 2–4 at 61; *see also General Matters, Inc. v. Penny Products, Inc.*, 651 F.2d

1017, 1020 (5th Cir. Unit B 1981) (purchase order satisfied statute even though it was not a final expression of agreement between the parties). Accordingly, the writing required may consist of several documents provided they clearly refer to the same transaction. *See R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir.1984); *Embedded Moments, Inc. v. International Silver Co.*, 648 F.Supp. 187, 192 (E.D.N.Y.1986); *Crabtree v. Elizabeth Arden Sales Corp.*, 305 N.Y. 48, 55, 110 N.E.2d 551, 554 (1953).

With this in mind, I now turn to the facts of the instant case. As already indicated, there were two writings received by Clow from NAB/Schiavone. The first being the purchase order prepared by NAB/Schiavone and submitted to Clow. This document states most if not all of the material terms, including quantity, necessary for the purchase and sale of goods. Standing alone, the purchase order indicates the existence of a contract. However, the purchase order does not stand alone. It is supported by the "Release of Equipment/Material" document which directly refers to the purchase order by date and number and instructs Clow to fabricate the materials ordered in the purchase order. In addition, the Release is signed by William Simpson for NAB Construction Corp.—the party to be charged. I believe that in considering these two documents together, the trier of fact would have a more than adequate basis to determine whether a contract existed between Clow and NAB/Schiavone. Therefore, I find that a sufficient writing exists to satisfy the requirements of U.C.C. § 2–201.[1]

## CONCLUSION

For the foregoing reasons, the motion to dismiss under Fed.R.Civ.P. 12(b)(6) is denied.

SO ORDERED.

---

**1.** Based on the Court's finding of a writing, it is not necessary to consider the argument presented by defendant that the agreement between the parties does not fall within the specially manufactured goods exception, U.C.C. § 2–201(3), to the Statute of Frauds.